Zheng v. Lynch

BIA
Hom, IJ
A205 918 223

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT=S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of December, two thousand sixteen.

PRESENT:
JOSÉ A. CABRANES,
RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,
*Circuit Judges.*

_____

QING ZHENG,
*Petitioner,*

v. 15-3314
NAC

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER: Henry Zhang, New York, N.Y.

FOR RESPONDENT: Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Mary Jane Candaux, Assistant Director; Jeremy M. Bylund, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Qing Zheng, a native and citizen of the People's Republic of China, seeks review of a September 17, 2015 decision of the BIA affirming a December 4, 2013 decision of an Immigration Judge ("IJ") denying Zheng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qing Zheng,* No. A205 918 223 (B.I.A. Sept. 17, 2015), *aff'g* No. A205 918 223 (Immig. Ct. N.Y. City Dec. 4, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA, i.e., minus the ground that the BIA declined to reach (the IJ's adverse credibility determination). *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Past persecution can be established by harm other than threats to life or freedom, including non-life-threatening

2

violence and physical abuse, *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006), but the harm must be sufficiently severe, rising above "mere harassment," *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). The agency "must . . . be keenly sensitive to the fact that a 'minor beating' or, for that manner, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground." *Beskovic*, 467 F.3d at 227. However, "a beating that occurs within the context of an arrest of detention [does not] constitute[] persecution *per se*." *Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011). "[P]ersecution is 'an extreme concept that does not include every sort of treatment our society regards as offensive.'" *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (quoting *Ai Feng Yuan v. U.S. Dep't of Justice*, 416 F.3d 192, 198 (2d Cir. 2005)).

In this case, the IJ acknowledged that a minor beating may rise to the level of persecution if it occurs in the context of an arrest or detention. The IJ concluded that, although Zheng was beaten while detained, she did not satisfy her burden of proof because she failed to provide

3

details of any specific injury suffered and she admitted that she did not require medical treatment as a result. Therefore, the IJ did not err in concluding that she failed to demonstrate that they rose to the level of persecution. *See Mei Fun Wong*, 633 F.3d at 72; *cf. Jian Qiu Liu*, 632 F.3d at 822 ("[W]e find no error in the BIA's conclusion that Liu failed to establish persecution because substantial evidence supports the BIA's finding that, *prior* to his arrest and detention by local police, he suffered only minor bruising from an altercation with family planning officials, which required no formal medical attention and had no lasting physical effect").

Given Zheng's failure to provide sufficient details, the agency did not err in relying further on her failure to even attempt to obtain admittedly available evidence to corroborate her detention. *See* 8 U.S.C. § 1158(b)(1)(B)(i) ("The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee."); *see also Chuilu Liu v. Holder*, 575 F.3d 193, 196-98 (2d Cir. 2009). For these reasons, the

4

agency did not err in concluding that Zheng failed to satisfy her burden of demonstrating past persecution.

Absent past persecution, an applicant may establish eligibility for asylum by demonstrating a well-founded fear of future persecution, 8 C.F.R. § 1208.13(b)(2), which must be both subjectively credible and objectively reasonable, *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). To establish a well-founded fear, an applicant must show either a reasonable possibility that she would be singled out for persecution or that the country of removal has a pattern or practice of persecuting individuals similarly situated to her. 8 C.F.R. § 1208.13(b)(2)(iii).

The agency did not err in finding that Zheng failed to establish a well-founded fear of persecution on account of her religion. She failed to submit reasonably available evidence to corroborate her continued religious practice in the United States. Furthermore, the country conditions evidence in the record established that tens of millions of Christians practice in unregistered churches in China and that such practice was tolerated without interference in some areas. The country conditions evidence did not discuss any incidents of persecution in Zheng's home province. *Cf. Jian Hui Shao v. Mukasey*, 546 F.3d 138, 142, 149, 169 (2d

5

Cir. 2008) (finding no error in BIA's requirement that applicant demonstrate that officials in his or her local area enforce a government policy in a manner that would give rise to a well-founded fear of persecution when the country conditions evidence demonstrates local variations in the enforcement of that policy).

Accordingly, because Zheng failed to demonstrate past persecution or a well-founded fear of persecution, the agency did not err in denying asylum or withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6